COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


TOWN OF BLUEFIELD
AND
VML INSURANCE PROGRAMS                    MEMORANDUM OPINION[*]
                                             PER CURIAM
v.   Record No. 0755-96-3                 AUGUST 27, 1996

JACK W. ASBURY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (John P. Grove; Elizabeth K. Dillon; Woods,
            Rogers & Hazlegrove, on briefs), for
            appellants.

            (Frederick W. Harman; Jack S. Hurley, Jr.;
            Dudley, Galumbeck & Simmons, on brief), for
            appellee.


     Town of Bluefield and its insurer (hereinafter collectively

referred to as "employer") contend that the Workers' Compensation

Commission erred in finding that the applicable statute of

limitations did not bar the commission from considering Jack W.

Asbury's ("claimant") claim for compensation related to an

occupational disease.  Claimant filed his claim on July 25, 1995,

alleging an occupational disease of coronary artery disease and

seeking compensation benefits beginning May 25, 1994 and medical

benefits.  Employer argues that claimant received communication

of an occupational disease in 1992 when Dr. Seif Martini, a

cardiologist, advised claimant that he suffered from coronary

artery disease.  Upon reviewing the record and the briefs of the

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

Code § 65.2-406(A)(5) required claimant to file his claim
within two years after he received a diagnosis of his disease.

This code section
> does not require that an employee receive
> from a physician a communication that his
> disease is work-related; rather, the statute
> only requires that the employee,
> simultaneously with or sometime after the
> diagnosis of his condition, learn that the
> condition is an occupational disease for
> which compensation may be awarded.

City of Alexandria v. Cronin, 20 Va. App. 503, 508-09, 458 S.E.2d
314, 317 (1995), aff'd, ___ Va. ___, 471 S.E.2d 184 (1996).

> In rejecting employer's argument, the commission found:
> The claimant was informed in 1992 by his
> doctor that he had heart disease.  However,
> the doctor did not tell him at that time that
> the condition was work-related despite the
> claimant's question in that regard.  Nor did
> the employer advise the claimant that he had
> a compensable condition.  The only evidence
> suggesting a 1992 diagnosis was the doctor's
> officer manager's letter to the Commission
> stating that the claimant did not have a
> compensable condition.  Under these
> circumstances, we do not find that the
> claimant was informed prior to 1994 that his
> heart disease is work-related.

If and when a diagnosis of an occupational disease is
communicated to a claimant is a finding of fact.  See Roller v.
Basic Constr. Co., 238 Va. 321, 329, 384 S.E.2d 323, 326 (1989).
 On appeal, findings of fact made by the commission will be

upheld when supported by credible evidence.  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Here, evidence showed that claimant received a diagnosis of coronary artery disease in 1992 from Dr. Martini; however, no evidence showed that claimant knew that his disease was work-related before May 25, 1994.  While claimant may have suspected in 1992 that his employment may have caused his condition and he questioned Dr. Martini regarding this matter, Dr. Martini specifically denied that claimant's condition was work-related.  A July 1992 letter from Dr. Martini's officer manager to the commission contained a statement that claimant's disease was not compensable.  In light of this undisputed evidence, claimant's suspicions, if they existed in 1992, that his disease was work-related, were not sufficient to constitute a communication of an occupational disease.  Unlike the facts in Cronin, no evidence in this case proved that any physician ever told claimant he suffered from a work-related disease or that he knew that his disease arose out of and in the course of his employment before May 25, 1994.  See Cronin, 20 Va. App. at 509-10, 458 S.E.2d at 317.  Thus, based upon this record, we cannot find as a matter of law that the commission erred in holding that claimant's July 25, 1995 application was not barred by the applicable statute of limitations.

Accordingly, we affirm the commission's decision.

3

<u>Affirmed.</u>